UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FRANKIE M. MILLER, JR., #1070339

    Petitioner,

v.                                    CIVIL ACTION NO. 2:16cv645

HAROLD W. CLARKE, Director,
Virginia Department of Corrections,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Frankie M. Miller, Jr. ("Petitioner" or "Miller"), a Virginia state inmate, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). On June 19, 2003, the Henrico County Circuit Court sentenced Petitioner to two life terms following his guilty plea and conviction for capital murder and aggravated malicious wounding. Both offenses arose out of a domestic incident during which Miller beat his estranged wife with a 2 x 4, inflicting devastating injuries on his wife and killing their infant daughter, whom she was holding during Miller's attack. His federal habeas petition asserts four claims of ineffective assistance of counsel arising from his trial counsel's alleged failure to investigate, obtain mitigating evidence, and advise him regarding the consequences of his plea. The matter was

1

referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation. Because Miller's petition is time-barred and procedurally defaulted the undersigned recommends it be dismissed.

I. **STATEMENT OF THE CASE**

Miller was convicted following his guilty plea of capital murder and aggravated malicious wounding by the Henrico County Circuit Court, with the final judgment entered June 19, 2003. Judgment Order (ECF No. 11-2). He did not appeal his conviction nor did he file a state petition for a writ of habeas corpus. Pet. 2 (ECF No. 1, at 2). Miller filed the current federal petition for a writ of habeas corpus, pro se, on October 19, 2016. Id. at 18 (ECF No. 1, at 20); see Houston v. Lack, 487 U.S. 266, 276 (1988) (holding a document is filed on the date a prisoner delivers it to prison officials to be forwarded to the court clerk). His federal petition raises four claims for relief, which he characterized as follows:

Ineffective Assistance of Counsel by:

a) Failing to thoroughly investigate the Commonwealth's evidence;

b) Failing to present a forensic mental evaluation, and alternate theory that Miller did not intend to harm his daughter;

2

> c) Failing to investigate to present mitigating evidence; and
>
> d) "Attorney misadvice" regarding the consequences of his plea.

Pet. (ECF No. 1 at 3).

Following service of the petition, Respondent timely filed a Rule 5 Answer and Motion to Dismiss. (ECF No. 9, 10). As required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), Respondent advised Miller of his right to respond and the consequences of failing to respond. (ECF No. 12). Respondent's brief argues that Miller's claims are time-barred, procedurally defaulted, and without merit. Miller filed a Response in Opposition (ECF 13), as well as Motion for Leave to Amend (ECF No. 14), and Motion for an Evidentiary Hearing (ECF No. 15).[1] Id. After reviewing Miller's claims, this Report concludes that his federal petition is time-barred and procedurally defaulted, and that Miller has not made the requisite showing to overcome these defaults in order to obtain federal review.

---

[1] Rule 8(a) of the Federal Rules Governing Section 2254 Proceedings provides that evidentiary hearings may be granted after the initial review and determination that the petition will not be dismissed. The court is presently reviewing the Respondent's motion to dismiss, which alleges Miller's petition is both time barred and procedurally defaulted. Until the court resolves Respondent's motion, Miller's request for an evidentiary hearing is premature. Accordingly, the court DENIES Miller's Motion for Evidentiary Hearing (ECF No. 15). Miller's Motion for Leave to Amend merely asserts additional arguments in support of his petition and opposing the Respondent's Motion to Dismiss. The motion is unopposed, and the court has considered the arguments in addressing the claims. Accordingly, Miller's Motion for Leave to Amend (ECF No. 14) is GRANTED.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Petitioner's Habeas Petition Is Time-Barred.

Miller's habeas corpus petition is time-barred. Prisoners seeking federal habeas relief for a state conviction are subject to a one-year statute of limitations in bringing such a claim. 28 U.S.C. § 2244(d)(1) (2012). This limitation period begins to run from the date on which (i) judgment becomes final; (ii) any state-created impediment to filing a petition is removed; (iii) the United States Supreme Court recognizes the constitutional right asserted; or (iv) the factual predicate of the claim was, or could have been discovered with due diligence, whichever is latest. 28 U.S.C. § 2244(d)(1)(A)-(D). The one year limitation tolls while any state post-conviction collateral review is pending. 28 U.S.C. § 2244(d)(2).

The first limitation period applies here. Miller did not file any appeal or state habeas petition that would have tolled the one-year limitation period. Pet. at 2 (ECF No. 1, at 2). Thus the one year limitation period began to run on July 19, 2003, thirty days after the Henrico County Circuit Court entered final judgment on June 19, 2003. See Va. Sup. Ct. R. 5A:6 (stating that a party wishing to appeal a final judgment must file a notice of appeal no more than 30 days after judgment is entered); Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running ... when the

4

time for seeking direct review has expired."). Miller therefore had until July 19, 2003 to file his federal petition, but failed to do so until October 19, 2016, over 13 years after the deadline imposed by § 2244 had expired. Pet. at 18 (ECF No. 1, at 20).

Miller asserts that the limitation period should be extended to 2009 under § 2244(d)(1)(D) because that is when he received a copy of the forensic mental health evaluation, which he claims supports a defense to the capital murder charge which his attorney allegedly failed to pursue. Pet. (ECF No. 1 at 4, 21-32). But the forensic report he relies upon is dated May 23, 2003 and addressed to one of his attorneys. (ECF No. 1 at 21). In addition, at sentencing his other counsel referred to the report when arguing for leniency from the court. Sentencing Transcript (ECF No. 11-3 at 30), Resp. Brief, Ex. 3. The receipt of documents related to a claim is immaterial when the "factual predicate" of the claim is already known to the Petitioner. See Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance."). Thus, even if Miller did not receive a copy of the report until later, his claims are based on facts which were known to him before his guilty plea. The limitation period on his petition is therefore

5

controlled by § 2244(d)(1)(A), and expired more than 13 years before Miller filed his federal petition.[2]

Failure to file a timely petition under § 2244(d) may be excused if a petitioner establishes circumstances that would entitle him to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645 (2010); Harris v. Hutchinson, 209 F.3d 325, 329-30 (4th Cir. 2000). Miller has alleged no such circumstances. Equitable tolling is available in two situations: (1) if a petitioner is prevented from asserting his claims by some wrongful conduct on the part of the respondent, or (2) if extraordinary circumstances beyond the petitioner's control made it impossible to file on time. See Harris, 209 F.3d at 330. Miller has not alleged any conduct by the Commonwealth which prevented his filing, nor any extraordinary circumstances, which would have prevented his timely filing. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."). Because Miller did not file his petition within the one year limitation period and has not established any circumstances which would entitle him to equitable tolling, his petition is time-barred.

---

[2] Even if § 2244(d)(1)(D) did apply, Miller's petition would still be time-barred: Miller claims he did not receive the forensic report on which he relies until 2009. Pet. (ECF No. 1, at 4). His federal petition was filed on October 19, 2016, approximately six years later. See § 2244(d)(1).

The bar of the statute of limitations may also be excused when a petitioner makes a credible showing of actual innocence, such that the failure to consider the merits would result in a fundamental miscarriage of justice. McQuiggin v. Perkins, 133 S. Ct. 1924 (2013). In this case, however, Miller has not presented any "new reliable evidence" sufficient to plausibly allege a claim for actual innocence. McQuiggin, 133 S. Ct. at 1928 (citing Schlup v. Delo, 513 U.S. 298, 327-28 (1995). In fact, his petition merely reiterates his claim that he did not intend to kill his daughter while striking his wife. But under Virginia's doctrine of transferred intent, this is insufficient to raise a substantial question concerning his guilt. See Blow v. Commonwealth, 665 S.E. 2d 254, 258 (Va. App. 2008) (affirming conviction for malicious wounding of Defendant's daughter, which occurred during stabbing of Defendant's wife).

B. **Petitioner's Habeas Petition Is Procedurally Defaulted**

In addition to being time-barred, Miller's habeas petition is procedurally defaulted and therefore barred from federal review. Before seeking a federal writ of habeas corpus, inmates in custody pursuant to the judgment of a state court must either (1) exhaust the remedies available to them in state court or (2) demonstrate that such state remedies are either unavailable or ineffective in protecting their rights. 28 U.S.C. § 2254(b)(1).

"To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). "Fair presentation" requires a state prisoner "to present the state courts with the same claim he urges upon the federal courts." Picard v. Connor, 404 U.S. 270, 276 (1971); see also Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (acknowledging the interest in giving state courts the first opportunity to remedy constitutional errors in state proceedings).

In this case, Miller has not sought review on any of his claims at the state level. Miller did not appeal his conviction, nor has he filed a state habeas petition. Pet. 3, 4 (ECF No. 1, at 2, 3). Thus he has given the Supreme Court of Virginia no opportunity to hear the claims he now raises in his federal habeas petition. However, if a claim not previously presented to the state's highest court would be procedurally barred under state law if presented to a state court at this time, it may nonetheless be treated as exhausted and procedurally defaulted. Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000).

Miller's claim is procedurally defaulted under state law. State habeas petitions in Virginia must be filed within two years of final judgment. Va. Code § 8.01-654(A)(2). Accordingly, Miller would be barred from pursuing state habeas

relief at this time, and his claims are simultaneously exhausted and defaulted on the basis of "independent and adequate state procedural grounds." See Walker v. Martin, 562 U.S. 307, 316 (2011) (quoting Coleman v. Thompson, 501 U.S. 722, 730 (1991)); Sparrow v. Dir., Dep't of Corr., 439 F. Supp. 2d 584, 587 (E.D. Va. 2006) (holding Va. Code § 8.01-654(A)(2) constituted independent and adequate ground for federal habeas default).

Failure to comply with state procedures in raising a claim bars a petitioner from raising that claim in a federal habeas petition unless the petitioner can show cause for the default and resulting prejudice. Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)). Miller has not shown any factors which would meet the cause and prejudice standard necessary to overcome procedural default. He has alleged no "objective factor external to the defense" which impeded his efforts to comply with the state procedural rule. Wolfe v. Johnson, 565 F.3d 140, 158 (4th Cir. 2009) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). Additionally, the Court's review of the record confirms that failing to review his claims will not result in a fundamental miscarriage of justice. Miller's petition presents no "new reliable evidence" supporting a claim of actual innocence. Coleman, 501 U.S. at 730; Sharpe v. Bell, 539 F.3d 372, 377 (4th Cir. 2010). Because Miller has not shown cause excusing his

failure to comply with state procedure or a fundamental miscarriage of justice, his claims are procedurally defaulted and barred from federal review.

### III. RECOMMENDATION

Miller's claims are time-barred and procedurally defaulted, and he has not presented sufficient grounds to overcome these defaults. Therefore, the undersigned recommends that Respondent's Motion to Dismiss (ECF No. 9) be GRANTED and Miller's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the petitioner and to provide an electronic copy to counsel of record for the respondent.

/s/ <br>
Douglas E. Miller <br>
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

April 28, 2017

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

**Frankie M. Miller, Jr., #1070339**
Greensville Correctional Center
901 Corrections Way
Jarratt, VA 23870

A copy of the foregoing Report and Recommendation was electronically mailed this date to the following:

**Joseph Christian Obenshain**
Office of the Attorney General (Richmond)
202 North 9th Street
Richmond, VA 23219

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

April 28, 2017